Joseph Sigsworth, Appellant, *v.* Thomas McIntyre, Appellee.

### APPEAL FROM PIKE.

It is a question for the jury, whether a contract has been made or not; but that fact ascertained, the court will interpret it, and declare the rights and liabilities of the parties under it.

A party agreed, by written contract, to build a house and barn of certain dimensions; he undertook to prove by witnesses the extent which the contract bound him: *Held*, That such proof is inadmissible.

This was an action in assumpsit by appellee against appellant. Declaration contains common counts for work and labor, etc., and no other counts.

Pleas, non-assumpsit.

Pleas, set-off.

Pleas, payment.

A jury was sworn to try issues, and during progress of trial, appellant took a bill of exceptions to decision of court, in substance, as follows:

Appellee read in evidence on said trial, a contract between said McIntyre and Sigsworth, in which McIntyre agrees to build for Sigsworth a house, 18 by 20 feet, two stories high, with kitchen 18 feet square, one story high, with cellar under kitchen. Also, a sledge, 10 by 36 feet, which is to be divided into wood shed, buttery and bed rooms. Also, a porch in the angle of the kitchen and main building. Also, a barn, 40 by 60 feet, with a cellar under the whole barn; all of which is to be built out of good materials, and furnished in good and workmanlike manner; in consideration of which Sigsworth is to pay McIntyre $2,300. All of the above described work is to be completed in twelve months from date.

Appellee, after introducing evidence tending to prove that he built a frame house and barn, also, a cellar under barn for defendant, of dimensions named in above contract—the kitchen being one and one-half story high, instead of one story, and that he had said house plastered, doors and windows furnished therein, outside of house painted, and blinds or shutters put

Sigsworth *v.* McIntyre.

in the windows — called a witness, a carpenter, living a short distance from Sigsworth's house, who testified that he had, for several years, been in habit of taking contracts to build houses; was acquainted with wages of contractors of that kind, etc. Appellee then read above contract to him, and proposed to prove by him that under such a contract the contractor would not be bound to do the mason work for the foundation of main house, nor to put on blinds or shutters, nor to paint outside of house, nor to plaster said house. Appellant objected to witness being allowed to testify as to said matters. The court permitted witness to testify, and witness did testify that under said contract neither the foundation, nor underpinning of the house, nor the blinds, nor outside painting, nor the plastering of house, would be included. Appellant excepted at the time, to the court permitting said witness to testify as aforesaid. Appellee then called another witness, a carpenter and contractor, acquainted with wages of contractors, and proposed to prove by him, after reading said contract to said witness, that under such contract the rock foundation under main building, the outside painting, shutters and plastering, would not be included. Appellant objected to such testimony, but the court permitted the witness to testify to above points, and witness did testify that the foundation and plastering would be covered by contract; but outside painting and shutters would not be included. Appellant excepted at the time to the court permitting the aforesaid evidence to be given. After said bill of exceptions was taken, the jury found a verdict for appellee for $523.33, damages, against appellant, to reverse which judgment, he appealed to this court.

The assignment of errors, questions the legality of the decision of the court in permitting the witnesses to testify as to what work was included in said contract, when the court should have construed said contract.

W. A. & J. GRIMSHAW, for Appellant.

M. HAY and C. L. HIGBEE, for Appellee.

SCATES, C. J. The defendant having entered into a written contract to build plaintiff a dwelling house, etc., and a barn, each with a cellar, and all of specified dimensions, now seeks to limit and interpret the meaning by reference to a neighborhood usage among mechanics. The very attempt in this case, to make the parties speak in their writing, through the mouths of witnesses, shows the soundness of the rule which excludes such testimony.

One carpenter would not include, under such an agreement, either the foundation of that portion not required to have a cellar, nor shutters or blinds, nor to paint the outside, nor plaster the inside of the dwelling. Another carpenter would lay a foundation and plaster, but would not paint or put on blinds. This would introduce great uncertainty into contracts, where it is supposed that the parties intended to have meant and understood each other definitely. No one would be willing to accept of a contract, the meaning of which was to be treated as a matter of fact, to be settled by the interpretation of witnesses. It is a question for a jury, and a matter of fact, what contract has been made; but this ascertained, it becomes a question of law, for the court to interpret it, and ascertain the meaning of the parties to it, and to declare their respective rights, and the extent of their obligations. *Jennings* v. *Sherwood et al.*, 8 Conn. R. 122; 2 Parsons on Con. p. 4 and note *b*, p. 5 note *c*, and pp. 67, 68 and 69; 1 Austruther R. 44; *Eaton* v. *Smith et al.*, 20 Pick R. 150; *Sleght* v. *Rhinelander et al.*, 1. John. R. 192; *Rankin* v. *Am. Ins. Co. New York*, 1 Hall R. 632; *Robertson et al.* v. *French*, 4 East. R. 130; *Reed et al.* v. *Hobbs*, 2 Scam R. 300; *McAvoy* v. *Long et al.*, 13 Ill. R. 150; *Holmes* v. *Stummel*, 15 ibid. 412.

While parol evidence is inadmissible to change, vary or contradict written contracts, it is receivable to show the circumstances of the parties, or the condition, etc., of the property. *Barrett* v. *Stow*, 15 Ill. R. 423; 1 Greenlf. Ev. Secs. 286, 287, and notes; *Crawford* v. *Morris*, 5 Grat. R. 90; *Farrar et al.* v. *Stackpole*, 6 Maine R. 154; 8 Conn. R. 122; to explain technical terms of art or science; 13 Ill. R. 150; proof of usage in trades and branches of industry, where the language of the contract is not clearly expressed; *Kendall* v. *Russel*, 5 Dana R. 501; but such usage, to be admissible at all, must not be unreasonable and bad. *Jordan et al.* v. *Meredith*, 3 Yates R. 318.

Neither under the rule itself, nor any of these distinctions or exceptions, if they may be so called, could the witnesses have been admitted in this case. The language is not doubtful or uncertain, for the defendant was to build a house and barn of certain dimensions, and finish and complete them within twelve months. There are no terms of art or science calling for experts. If the defendant has entered into a contract in terms which will compel him to do more than he intended, it is his misfortune; but he may not relieve himself by a resort to the usages of that neighborhood, if, indeed, any exist. None, however, are shown, but the witnesses are permitted to give each his private opinion of the extent of such an undertaking.

The jury, in this case, could only find the fact of the existence of the contract; and the court should have instructed them as to the extent of its mutual obligations. The court erred, therefore, in admitting the two witnesses to testify.

Judgment reversed and cause remanded for a new trial.

*Judgment reversed.*