No. 8943.

FLANNAGAN *v.* DONALDSON ET AL.

| 85  | 517 |
| 145 | 622 |

ATTACHMENT.—*Fraudulent Sale of Property.—Evidence.*—Where the plaintiff in an action sues out an order of attachment against the property of the defendant, upon the ground that he has sold, conveyed or otherwise disposed of certain described property, with the fraudulent intent, etc., evidence showing the specific sale, with the alleged intent, will sustain the attachment proceeding, and, in such case, it is not incumbent on the plaintiff to prove, also, the negative fact that after such sale or conveyance, with such intent, the defendant did not have enough property left to pay his debts.

From the Superior Court of Cass County.

*D. B. McConnell*, for appellant.

*M. Winfield* and *Q. A. Myers*, for appellees.

HOWK, J.—In this action the appellant sued the appellees upon the transcript of a judgment which he had recovered against the appellants Richard W. Donaldson and Margaret

Donaldson, in the Cass Circuit Court. With his complaint the appellant filed an affidavit for an order of attachment, and for a summons in garnishment for the appellees Isaac M. Donaldson and David and Amos Keeport. The cause was put at issue, both as to the appellant's complaint and as to his affidavit in attachment. The issues joined were tried by a jury, and a general verdict was returned, in substance as follows: "We, the jury, find for the plaintiff as against the defendants Richard W. and Margaret Donaldson, and we assess the plaintiff's damages at $466.93; and we find for the defendants upon the plaintiff's attachment proceedings." Over the appellant's motion for a new trial, and his exception saved, the court rendered judgment on the verdict in his favor for the amount found as his damages, and against him and in appellees' favor for the costs upon his attachment proceedings.

In this court all the questions presented and discussed by appellant's counsel, in his exhaustive brief of the case, arise under the alleged error of the trial court, in overruling the motion for a new trial. These questions relate exclusively to so much of the general verdict as found for the appellees upon the issue joined, by their answer in denial, upon the appellant's affidavit for an attachment and for process in garnishment, and to the judgment rendered thereon. The grounds for the attachment proceedings were stated in the appellant's affidavit, in substance as follows: "The said Flannagan further swears that the said Margaret Donaldson has sold, conveyed and otherwise disposed of her certain real estate to her son Isaac M. Donaldson, he, the said Isaac M., colluding with the said Margaret Donaldson, with the fraudulent intent to cheat, hinder and delay her creditors, which said real estate, so sold as aforesaid, was as follows, to wit: A lease upon a limekiln and dwelling-house adjacent, together with the premises appurtenant, situate in section 26, township 27 north, of range 2 east, in Cass county, Indiana. The said Flannagan says further, on his oath, that the said Isaac M. Donaldson, after the said fraudulent conveyance of said real estate to him

by Margaret Donaldson, held the same as her trustee, and, in that capacity, sold said real estate to Daniel Keeport and Amos B. Keeport, and, in payment therefor, received their promissory notes payable to himself, which, plaintiff avers, were made so payable to him for the benefit of the said Margaret Donaldson; and the said Isaac M. Donaldson is made a party defendant to answer as to his interest herein as such trustee, and to answer as garnishee defendant as to the amount of such indebtedness to the said Margaret Donaldson."

It is earnestly insisted by the appellant's counsel, that the general verdict of the jury, finding for the appellees upon the attachment proceedings, was not sustained by sufficient evidence. If we were authorized to consider and decide this question upon what we might regard as the fair preponderance of the evidence, as the same appears in the record, it would seem to us that the counsel was right in this position, that the general verdict upon the attachment proceedings was not sustained by sufficient evidence, and that, for this cause, a new trial ought to have been granted. While this is so, however, it must be conceded that there is evidence in the record tending to sustain that part of the general verdict, and to show that the said Margaret Donaldson had not sold, conveyed, or otherwise disposed of her said real property to her son Isaac M. Donaldson with a fraudulent intent, stated in appellant's affidavit. In such cases it must be regarded as settled, that this court will not weigh the evidence, nor attempt to determine its preponderance, nor disturb the verdict of the jury, or the finding of the trial court, upon what might appear, from the mere reading of the evidence, to be its fair, clear, or even overwhelming preponderance. *Cox* v. *State*, 49 Ind. 568; *Rudolph* v. *Lane*, 57 Ind. 115; *Swales* v. *Southard*, 64 Ind. 557; *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73; *Hayden* v. *Cretcher*, 75 Ind. 108.

The court, of its own motion, instructed the jury trying the cause, as follows: " To authorize a finding for the plaintiff upon the attachment proceedings, the plaintiff must prove, by

the preponderance of evidence, one at least of the causes of attachment set out in his affidavit. The plaintiff has introduced evidence tending to show that the defendant Margaret Donaldson conveyed to her son Isaac a certain limekiln lease. This, of itself, would not be sufficient to show fraud. To make said conveyance fraudulent as to creditors it must further appear that Margaret, after making said conveyance, did not still have a sufficient amount of property, subject to execution, to pay her debts." After setting out this instruction, the bill of exceptions proceeds as follows : " Here one of the jurors, upon the court signifying that he might do so, asked the following question : ' Must the plaintiff prove that she (meaning defendant Margaret Donaldson) did not retain sufficient property to pay her debts?' To which the court answered : 'Yes; the plaintiff must prove that she did not, after making conveyance to her son Isaac, retain sufficient property to pay her debts, or he can not recover upon his attachment.' " The bill of exceptions then shows, that the court gave the above instruction, with others, " but gave no other instruction modifying, limiting or explaining that part of the instructions which is set out herein. To the giving of which instruction above copied in this bill of exceptions, the plaintiff at the time excepted."

We are of the opinion that the court clearly erred in giving the jury the instruction quoted. It does not contain a correct statement of the law, applicable to the matters in issue on the affidavit in attachment, or to the evidence adduced upon the trial. The ground for an attachment, stated in the appellant's affidavit, was the one provided for in the *fifth* clause of section 156 of the code of 1852. In this clause and section it is provided that the plaintiff, in an action for the recovery of money, at the commencement of his action, or at any time afterwards, may have an attachment against the property of the defendant, where such defendant "has sold, conveyed or otherwise disposed of his property subject to execution, or suffered or permitted it to be sold with the fraudulent intent

Flannagan v. Donaldson *et al.*

to cheat, hinder, or delay his creditors." 2 R. S. 1876, pp. 98, 99; Civil Code of 1881, section 197; and section 913, R. S. 1881. It is manifest that, under this statutory provision, it was not incumbent on the appellant to show, by his affidavit for an attachment, that the appellee Margaret Donaldson, after her alleged fraudulent sale and conveyance of her property to her son Isaac, did not retain or have left sufficient property to pay her debts. The appellant's affidavit stated the ground for an attachment upon which he relied, substantially in the language of the statute, and the affidavit was sufficient. If the statement in his affidavit was sustained by a fair preponderance of the evidence, he was entitled to a recovery in his attachment proceeding; and it was error on the part of the court to instruct the jury, in effect, that if he had not proved that Margaret Donaldson did not, after making the conveyance to her son Isaac, retain sufficient property to pay her debts, he could not recover upon his attachment. This negative fact, the proof of which by the appellant the court told the jury was indispensable to his recovery upon his attachment, was entirely outside of the issues in the cause and of the requirements of the statute, and it was not and is not the law, that the appellant was bound to prove such fact to entitle him to a recovery in his attachment proceedings.

If it were the fact, that, after making the conveyance to her son Isaac, the said Margaret Donaldson did retain or have left sufficient other property to pay her debts, such fact might possibly have been given in evidence by her, as tending to prove that her conveyance was not fraudulent. But, certainly, it was not necessary that the appellant should negative such fact by his evidence, in order to maintain his attachment proceedings. In this respect, the case at bar must not be confounded, as seems to have been done by the trial court, with the ordinary cases, where suits are brought to set aside conveyances as fraudulent against the grantor's creditors, and to subject the property conveyed to the payment of the grantor's debts. In such cases, it is well settled that the rule in re-

gard to what the plaintiff must allege and prove is widely different from the rule declared in this case. *Pfeifer* v. *Snyder*, 72 Ind. 78.

The appellant's counsel also complains in argument of the refusal of the trial court to give the jury certain instructions at his request. But we deem it unnecessary for us to set out or comment upon these instructions in this opinion; especially so, as the error of the court, in the instruction given of its own motion, will require the reversal of the judgment below and a new trial of the cause.

The appellant's motion for a new trial ought to have been sustained.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Opinion filed at the November term, 1881.
Petition for a rehearing overruled at the November term, 1882.