# RIES and another *v.* ROWLAND and another.*

*(Circuit Court, E. D. Missouri.* April 27, 1882.)

1. TRUSTS—DEBTOR AND CREDITOR.

Any use by a creditor of a debtor's property, whereby a secret substantial advantage is secured to the latter, amounts to a secret trust.

2. JUDGMENT—MERGER.

Where suit is brought and judgment recovered upon a claim, it is merged in the judgment, and the latter is conclusive as to the amount due.

3. DEBTOR AND CREDITOR—ESTOPPEL.

Where an attaching creditor received judgment against an insolvent debtor, and the goods attached were sold by the marshal under an order of court, and bought by the judgment creditor pursuant to an agreement made by him before the sale with the judgment debtor, whereby it was understood that the creditor should purchase the goods at the lowest possible price and place them in the debtor's hands, to be sold by him as the creditor's agent, to the best advantage, and that after the payment of the creditor's claim and expenses the balance should be turned over to the debtor, and the goods were subsequently sold by the debtor as the purchaser's agent, and the proceeds remitted to the purchaser: *Held,* (1) That the agreement on the debtor's part constituted a sufficient consideration for the agreement on the part of his creditor. (2) That said creditor was liable to other creditors of said debtor for any sum remaining in his hands as proceeds of the sale of said goods by the debtor, over and above the sum of his own debt, together with his proper expenditures in connection with the management and sale of the said goods, and the sum paid to the marshal in satisfaction of his bid. (3) That said creditor was estopped to claim any sum to be due him, on account of the transaction embraced within the suit in which he had received said judgment, over and above the amount of the judgment.

Bill in equity, filed by and on behalf of judgment creditors of defendant W. J. Johnson, for the purpose of subjecting to the payment of their judgments an alleged balance in the hands of defendant Rowland, the proceeds of the sale of a stock of goods and merchandise formerly belonging to said Johnson. The material facts are as follows:

In the year 1880, Johnson, who had prior to that time been engaged in bussiness as a merchant at Hot Springs, Arkansas, became insolvent. Certain of his creditors, and among them defendant Rowland, who did business in the name of D. P. Rowland & Co., instituted suits by attachment against him, by virtue of which a large stock of merchandise at Hot Springs was attached. There were several attachments levied prior to that of Rowland. While the goods were in the hands of the marshal an agreement was entered into between Rowland and Johnson whereby it was understood that Rowland should purchase the goods at the marshal's sale for the lowest possible price,

*Reported by B. F. Rex, Esq., of the St. Louis bar.

and should then place them in the hands of Johnson, as his agent, to be sold and disposed of to the best possible advantage; and that after the payment to Rowland of his debt and expenses the balance should be turned over to Johnson. Accordingly an order of court was obtained for the sale of the goods, and at the sale Rowland, acting through one W. B. Moore, as his agent for that purpose, bid in the entire stock, which was sold in bulk for the sum of $4,250.

Johnson was placed in possession of the goods, and proceeded to make sales thereof from time to time reporting to Rowland and remitting the proceeds of such sales, until the entire stock was sold and all the proceeds remitted. The contention of the complainants is that the sum realized by Rowland exceeded the amount due from Johnson to him and his expenses, and that the balance is held by Rowland in trust for Johnson, or his creditors; and that, Johnson being insolvent, the complainants are entitled to subject the balance in his hands to the payment of their debts by the proceeding in equity.

*Robert Crawford* and *M. H. Cohn*, for complainants.

*Hayden & Glover*, for respondent Rowland.

McCRARY, C. J. The weight of the evidence clearly establishes that defendant D. P. Rowland, as D. P. Rowland & Co., entered into an agreement with defendant Johnson, whereby he (Rowland) was to bid in the stock of goods at the marshal's sale at the lowest price possible, and was to place Johnson in charge of the stock to make sales, and that after receiving from the proceeds of such sales the amount of his debt and expenses, any balance left should go to Johnson or his creditors. There is some testimony tending to show that improper and unlawful means were employed for the purpose of preventing competition among the bidders at the marshal's sale, and obtaining the goods for less than their value; but the view the court takes of the case renders it unnecessary to decide the question whether this is established by sufficient evidence. The complainants do not seek to set aside the marshal's sale, but only to hold the defendant Rowland as a trustee for Johnson's creditors for the amount of any balance in his hands as the proceeds of the sales of the goods after paying the amount of his debts and expenses, including the sum paid on his bid to prior execution creditors. To support this claim it is not necessary to establish the charge of fraud or conspiracy, and hence not necessary to show that improper means were employed to prevent competition.

We may, for the purpose of this case, assume that there was no impropriety in the agreement to buy in the stock for as low a price as possible, and to give to Johnson the benefit of any balance that might be left after paying Rowland's just claims, for it is clear that

such an agreement, if made and carried out, constituted Rowland a trustee as to any such balance when it came into his hands. Such a transaction constitutes a secret trust. "If any secret, substantial advantage is secured to the debtor from the use of the property, or from its proceeds, this constitutes a secret trust." Bump, Fraud. Conv. (2d Ed.) 213; *Rice* v. *Cunningham*, 116 Mass. 466; *Coburn* v. *Pickering*, 3 N. Y. 415.

An agreement between the purchasers at the sale and the judgment debtor that the former will allow the latter to sell the property as his agent, and to have all he can make beyond a sum agreed upon between them, undoubtedly secures an advantage to the debtor, to which a creditor may (the debtor being insolvent) in equity be subrogated. If it were a private sale it would be void as in fraud of the rights of creditors, (*Grant* v. *Lewis*, 14 Wis. 487,) and where the sale is public or judicial it is at least so far voidable that the creditors of the insolvent debtor may subject his beneficial interest in the property, or the proceeds thereof, before they pass into the hands of an innocent party, to the satisfaction of their just demands. A public judicial sale may be wholly set aside as fraudulent on the ground that there has been a combination between the purchaser and the debtor to have the property sold for less than its value in order that the debtor may derive some advantage therefrom, "when the property or any part of it moreover is held in secret trust for the debt, or the sale is calculated to baffle creditors, for the title is ostensibly put out of the debtor and vested in the purchaser apparently for the sole use of the latter, so as to exempt it from execution, but really for the use of the debtor." Bump, Fraud. Conv. (2d Ed.) 2589; *Stovall* v. *Farmers' Bank*, 16 Miss. 305; *Hawkins* v. *Allston*, 4 Ired. Eq. 137. And it seems clear that if, under such circumstances, the sale may be wholly set aside as void, the other creditors may elect to let the sale stand and hold the purchaser to be a trustee for them in equity for any sum secured by him from proceeds of the sale of the property over and above the amount of his just demands. Especially is this so in a case like the present, where the agreement to give the debtor an interest in the proceeds is shown, not by circumstances alone, but by direct and positive proof.

It is, however, insisted in argument that the arrangement by which the judgment debtor in this case was to share in the proceeds of the sale of the property was purely voluntary on the part of Rowland, and therefore one by which he is not bound. This contention cannot be supported. The agreement that Johnson should take possession

as the agent of Rowland and should sell the goods to the best possible advantage of both parties, especially in the absence of any agreement as to his compensation, was a sufficient consideration for Rowland's promise to give Johnson the interest in question, to say nothing about the latter's promise to aid in the effort to secure the sale of the goods at the lowest possible price.

It is also contended that the plaintiffs have no right of action because the sale and conveyance were by the marshal, and there was no deed direct from the debtor to Rowland. But it is the duty of a court of equity to look beyond the form of the transaction and into the substance. It does not help the matter to show that the sale was in form a judicial sale and not a sale by the debtor, if it appears with sufficient clearness that notwithstanding this mode of conveyance a substantial interest in the property was, by collusion or connivance, or by agreement, retained in the judgment debtor. Bump, Fraud. Conv. (2d Ed.) 2578, and cases cited.

The conclusion drawn from these considerations must be that the complainants are entitled to any sum remaining in the hands of defendant Rowland, as proceeds of the sale of the stock of goods in question, over and above the sum of his own debt against Johnson, together with his proper expenditures in connection with the management and sale of the stock and the sum paid to the marshal in satisfaction of his bid.

It only remains to determine the principles upon which the account is to be stated, for the purpose of determining whether any, and if any, what, balance remains in the hands of defendant Rowland for which he may be charged as trustee. And here arises the most important question in the case: Is defendant Rowland estopped to claim, as against Johnson or the complainants, any sum over and above the amount of his judgment against Johnson on account of the transactions embraced within the attachment suit in which said judgment was rendered? In rendering his account to Johnson the defendant Rowland disregards the judgment, or at least does not recognize it as a settlement of all demands down to its date. Two accounts are rendered—one to Mr. Johnson, running down to the date of the sale by the marshal, and the other with Johnson's agent, running from the date of the sale down to the sale of the last of the goods and the remittal of the proceeds. It appears from the evidence that Rowland's claim against Johnson was for and on account of money advanced from time to time upon cotton shipped by Johnson to Rowland, and received by the latter as a commission merchant at St.

Louis. At the time of Johnson's failure Rowland made out his account against him for the purpose of bringing suit against him by attachment. In that account he charged him with all the advances up to the date of the commencement of the suit, and gave him credit for all sales of cotton made prior to that date, and then, to close the account, gave him credit for 211 bales of cotton on hand, at market value,—$9,073,—leaving as net balance due Rowland from Johnson $3,060.90, for which suit was brought. The complaint in the attachment suit, which was sworn to, exhibits this account as a true and itemized statement of the debt due from Johnson to Rowland.

By this proceeding the defendant Rowland elected to charge himself and to credit to Johnson the cotton on hand at the time of the commencement of his suit, at the price and value stated in his account, and he is clearly estopped now to insist or claim that the cotton was of less value than that then stated. No principle is better settled than that a judgment or decree establishes in the most conclusive manner the sum due upon the claim sued upon. The cause of action is merged into the judgment, and can never again become the basis of any claim against the defendant in the judgment. The original claim has, by being sued upon and merged into the judgment, lost its vitality and expended its force and effect. "All its power to sustain rights and enforce liabilities has terminated in the judgment or decree." Freem. Judgm. *c.* 2, p. 180 *et seq.,* and authorities there cited.

The court is clearly of the opinion that as between complainants and defendant Rowland an account must be stated, based upon the conclusiveness of the judgment in the attachment suit, and upon the theory that Rowland is estopped to claim any sum on account of the transactions embraced within the account sued upon in that case over and above the amount of the judgment, interests, and costs. The balance of cotton remaining in the hands of Rowland when he commenced his attachment suit became his property and must be so treated.

Another question arises, as follows: The record shows that the stock of goods was sold to Rowland for $4,250, being bid off for him by his agent, W. B. Moore, and that out of said sum the proper costs of the marshal were paid. It appears in evidence that Moore reported to Rowland that he had bought the stock for $4,250 and $525, and he therefore drew upon Rowland two seperate drafts, one for $4,261.65 and the other for $507.50. These drafts were paid by

Rowland and charged to Johnson. It is now insisted that the smaller draft was improperly paid, or, at all events, improperly charged to Johnson. It is apparent that Moore drew the smaller draft for a sum in addition to the amount bid for the stock of goods. For what object the money was drawn does not appear, and it is somewhat remarkable that neither party saw fit to interrogate Moore while upon the witness stand with reference to this item. As Rowland, through his agent, Moore, expended the sum of $507.50 and assumed the right to charge it to Johnson, and as it clearly appears that it was not paid in satisfaction of the bid, it was the duty of Rowland to show by the proof that it was a proper charge against Johnson, and since he has failed to do so it cannot be allowed. The other disputed items in the accounts of Rowland against Johnson seem to have been legitimate expenditures in connection with the management, care, preservation, and sale of the stock of goods, and they will therefore be allowed.

The case will be referred to a master to state the account from the evidence, and to report what, if any, balance remains in the hands of the defendant Rowland with which, in accordance with the principles of this opinion, he should be charged as trustee for the complainants as creditors of defendant Johnson.