Buck *et al. v.* Voreis.

No. 9571.

BUCK ET AL. *v.* VOREIS.

FRAUDULENT CONVEYANCE.— *Consideration.*— Where the grantor and grantee of real estate combine in a fraudulent design to defraud creditors, the conveyance will not be protected as against them, though a full consideration was paid by the grantee.

SAME.—*Resulting Trust.*—Property fraudulently conveyed is held by the grantee in trust for the creditors of the grantor.

SAME.—*Complaint.*—*Mortgage.*—A complaint averred that C. induced V., the plaintiff, to become surety for her on an appeal bond, representing that she was the owner of unencumbered real estate, and by executing thereon a mortgage, securing him from loss; that he was compelled to pay, as surety, a certain amount; that at the time of the execution of the mortgage the real estate was encumbered by a judgment in favor of B. & T.; that on this judgment the property was sold and bought in by them; that the sale was fraudulently made for the purpose of keeping the property out of the reach of the creditors of C.; that she retained possession of it; that there was an agreement that B. & T. should hold the property for the use of C. until she desired a reconveyance; that V. had no knowledge of the judgment until after the sheriff's sale, and that he had tendered the full amount of the judgment, interest and costs to B. & T.

*Held,* in an action to foreclose such mortgage and to redeem from the sale under the judgment, that the complaint was sufficient.

From the Marshall Circuit Court.

*H. Corbin* and *J. D. McLaren,* for appellants.

*A. C. Capron, M. A. O. Packard* and *O. M. Packard,* for appellee.

ELLIOTT, J.—Appellee's complaint makes this case: One Rebecca Cressner induced him to become surety for her on an appeal bond, representing to him that she was the owner of unencumbered real estate; that she executed an indemnifying mortgage on the property to secure him from loss; that he was compelled to pay as surety on the bond $300. At the time of the execution of the mortgage the real estate here in controversy was encumbered by a judgment in favor of the appellants Buck and Toan for $113. On this judgment a sale

was made and the property was bought in by appellants for the amount of their judgment, although it was worth $1,500; that the sale was fraudulently made, for the purpose of keeping the property from the reach of the creditors of Rebecca Cressner; that she has retained possession of it; that there was an agreement that the appellants Buck and Toan should hold the property for the use of Rebecca Cressner until such time as she desired a reconveyance; that appellee had no knowledge of the existence of the judgment until after the sheriff's sale; that he tendered Buck and Toan the full amount of their judgment, interest and costs.

The complaint is good. A conveyance, however made, is void if the intent and purpose of the grantor and grantee is to defraud creditors. What can not be done directly can not be done by indirection. Forms are of little moment, for where fraud appears courts will drive through all matters of form and expose and punish the corrupt act. A conveyance is not protected, although full consideration is paid, where grantor and grantee unite in a fraudulent design to defraud creditors. Here, however, the consideration upon which the conveyance rests was grossly disproportioned to the value of the property.

Where property is fraudulently conveyed, the grantee holds it as trustee for the creditors of the grantor; but this is not a trust created by the contract of the parties, and appellants are in error in supposing such a trust to be within the statute. Few principles are more firmly settled than that the statute prohibiting the creation of trusts by parol has no application to resulting trusts.

Judgment affirmed.