Hoffman *et al. v.* Henderson.

---

## HOFFMAN ET AL. *v.* HENDERSON.

[No. 17,700. Filed September 24, 1896.]

APPELLATE PROCEDURE.—*Pleading.—Complaint.*—A complaint in an action to set aside a conveyance as fraudulent which proceeds in one paragraph upon the theory that no consideration was paid by the grantee, and in another on the ground that grantee united with grantor in an attempt to defraud the creditors of the latter and accepted the deed with knowledge of the fraud, is held sufficient when first attacked by an assignment of error on appeal.

BILL OF EXCEPTIONS.—*Statute Construed.*—Leave given by the court upon overruling a motion for a new trial to prepare a bill of exceptions can not extend back and take up rulings made in the formation of the issues under section 638 Burns' R. S. 1894 (626 R. S. 1881), but applies to and includes only such rulings or decisions of the court made during the trial, and which are authorized to be assigned as reasons for a new trial, and which are so assigned in the motion.

PRACTICE.—*Motion to Modify Judgment.*—A motion to modify a judgment which is made prior to the rendition of such judgment is properly overruled.

SAME.—*Bill of Exceptions.*—*Appeal.*—An alleged error in overruling a motion to modify a judgment will not be considered on appeal where same is not presented by bill of exceptions.

FRAUDULENT CONVEYANCE.—*Design of Parties.*—Where the grantor and grantee unite in a fraudulent design to defraud the creditors of the former, the conveyance under the law will not be protected, although a full consideration was paid by the grantee.

SAME.—*Evidence.*—In an action to set aside a conveyance as fraudulent a wide range of evidence is permissible in order that the fraud of the particular transaction may be exposed; and it was not error to permit plaintiff to introduce in evidence an alleged fraudulent mortgage executed by defendant to his mother simultaneously with the deed of conveyance to secure a debt represented by a mortgage, but which had been fully satisfied of record for more than ten years prior thereto, and which from the time of the execution until the date of release, a period of more than two years, had never been listed for taxation by mortgagee.

ATTACHMENT.—*Fraudulent Conveyance.*—*Burden of Proof.*—In order to maintain an attachment on the ground of the debtor's fraudulent disposition of property, it is not incumbent upon plaintiff to prove that defendant did not have after such conveyance, sufficient other property subject to execution to pay his debts.

From the Fulton Circuit Court. *Affirmed.*

*Enoch Myers,* for appellants.

*Conner, Rowley & McMahan,* for appellee.

JORDAN, J.—Appellee, on March 27, 1894, instituted this action against appellants, Vernet S. and Phillip P. Hoffman, upon a promissory note, executed by them to her on March 20, 1893, for the sum of $100.00, which note was due at the commencement of the action. She also sought by her complaint to set aside an alleged fraudulent conveyance of real estate, made by Phillip P. to his wife, the appellant, Mary A. Hoffman, on October 18, 1893. The complaint also recites that said Vernet S. and Phillip P. Hoffman, on said 20th day of March, 1893, executed to the appellee three other notes, aggregating $600.00, none of the latter being due at the commencement of this action. The notes in question, each by their terms provide, that the interest, which is six per cent. from date, shall be

due and payable annually.   After the defendants had appeared in court in response to a summons, the plaintiff (now appellee) filed an affidavit for an attachment in her said action, upon the statutory ground that the defendant, Phillip P. Hoffman, had conveyed and disposed of his property subject to execution with the fraudulent intent to cheat, hinder, and delay his creditors.   Upon the filing of this affidavit, and the undertaking required by the statute, a writ of attachment was duly issued, under which certain real estate, being the same described in the complaint, was levied upon, and attached as the property of Phillip P. Hoffman.   On the issues joined between the parties upon the complaint and the proceedings in attachment, a trial was had before a jury, which resulted in a finding for the plaintiff upon the note due, and a finding of the aggregate amount that would be due upon the other three notes at maturity, and also in favor of plaintiff on her attachment proceedings.

At a subsequent term, the court, over a motion by appellants for a new trial, rendered a judgment for $159.72 "now due;" and for further specific sums of money to become due on the three notes recited and set out in the complaint; the dates when said notes would be due were set out in the judgment.   The court also in the judgment ordered the real estate attached to be sold and the proceeds arising from such sale to be first applied to the payment and satisfaction of costs and the sum then due, and next to the payment of the sums to become due in their order.   Appellants in this court have assigned a series of errors.   The first assails the sufficiency of the complaint.   The second is based upon the action of the court in overruling a motion to strike out parts of the complaint, the third predicates error upon the overruling of a motion to separate the complaint into four paragraphs, and

the fourth and fifth, respectively, aver that the court erred in overruling a motion to modify the judgment, and in overruling the motion for a new trial. We will consider these alleged errors in their order.

The complaint is in two paragraphs. The first seems to proceed upon the theory that no actual consideration was paid by the grantee for the land in controversy, and the second that she united with her husband in this attempt to defraud his creditors, and accepted the deed with the knowledge of the fraud. Under a well settled rule the complaint is sufficient when attacked for the first time by an assignment of error.

The second alleged error, counsel for appellants virtually concede is not a reversible one, for he says: "It seems to be an established rule of this court to in no case reverse a judgment upon an adverse ruling on a motion to strike out part of a pleading." We must accept his concession upon this point, and deny his contention that the rule is a "dangerous one." We cannot consider the alleged error of the court in overruling the motion to require the plaintiff to further paragraph her complaint, for the reason that the motion is not embraced in a proper bill of exceptions; neither is the exception to the ruling therein verified by such a bill. The record does not disclose that at the time the exception was taken to this ruling that time was granted to reduce the exception to writing. It is true, that at a term of the court subsequent to the one at which the ruling upon this motion was made, and at the time when the court overruled the motion for a new trial, sixty days were granted to file their bill of exceptions. This bill was filed in vacation, within the time given, and the motion to paragraph, with the decision of the court thereon, is embraced therein, as is the exception to the ruling. This procedure was not authorized by section 638, Burns' R. S.,

1894 (section 626, R. S. 1881). This section provides: "The party objecting to the decision must except at the time the decision is made; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court. * * * *Provided,* that if a motion for a new trial shall be filed in a cause in which such decision, so excepted to, is assigned as a reason for a new trial, such motion shall carry such decision and exception forward to the time of ruling on such motion, and time may be then given by the court within which to reduce such exception to writing." It is manifest, from the reading of this section, that leave given by the court upon overruling a motion for a new trial, cannot extend back and take up rulings made in the formation of the issues. By the express terms of this statute it applies to and includes only such rulings or decisions of the court made during the trial, and which are authorized to be assigned as reasons for a new trial, and which are so assigned in the motion. See Elliott App. Proced., section 813; *Ryman* v. *Crawford,* 86 Ind. 262. A bill of exceptions, for the filing of which no time has been given, cannot be filed after the term. *Marshall* v. *Beeber,* 53 Ind. 83; *Whitworth* v. *Sour,* 57 Ind. 107.

The motion to modify the judgment appears, from the record, to have been made and denied, prior to the rendition of the judgment. This was premature, and for this reason, at least, it was properly overruled. For another sufficient reason we cannot consider this alleged error. As there is no bill of exceptions showing appellants' objections to the judgment, or the exception to the court's ruling upon the motion to modify, this was necessary. *Adams* v. *La Rose,* 75 Ind. 471; *The People, etc., Assn.* v. *Spears,* 115 Ind. 297.

No time was granted in which to reduce to writing the exceptions taken to the ruling of the court, upon

this motion, but an attempt was made, in like manner as was done in the ruling upon the motion to paragraph the complaint, to verify the same by the bill of exceptions, filed under the leave granted at the time the motion for a new trial was overruled. This procedure, for the reasons heretofore stated, was not authorized.

Appellants next insist that they should have been awarded a new trial upon the several grounds stated in their motion. They contend that the verdict of the jury is not sustained by sufficient evidence. It was agreed by the parties that the amount due at the time of the trial was $162.25. The main controversy applied to the execution of the alleged fraudulent deed. It appears from the evidence that Phillip P. Hoffman is the father of his co-appellant, Vernet S., and that Mary A. is the wife of Phillip P. and the mother of Vernet S. Hoffman. The notes in suit were executed by the father and son in settlement of a paternity suit which appellee had instituted against the latter. They were executed in March, 1893, and it appears that without having been secured by Phillip P. Hoffman they would have been virtually worthless, as Vernet S. Hoffman was insolvent. On October 18, 1893, Phillip P., who was then the owner of the eighty acres of land in dispute, went with his wife some ten miles to the town of Rochester, and there, at the office of an attorney at law, executed to her a deed for the land. On the same day, and seemingly as a part of the same transaction, Phillip P. and his said wife executed, to the mother of the former, a mortgage, to secure about $1,400.00 upon a tract of land of forty-four acres, being the only remaining real estate owned by Phillip P., which tract adjoined the land conveyed to his wife; the two tracts together constituting a valuable farm, upon which he and his wife resided. After the execution of the deed to his wife, it appears that Phillip P. had

not sufficient property left subject to execution to pay his debts. The consideration recited in the deed to the wife is $2,000.00, and it was claimed by the appellants upon the trial that the consideration arose out of an indebtedness due from the husband to the wife for sums of money loaned or advanced to him by her after their marriage in the years of 1868, and 1876. There is evidence in the case tending to establish this claim, while upon the other hand there is also evidence tending to show, or which supplies grounds for a legitimate and reasonable inference, that these sums of money were a gift upon the part of the wife to her husband, and not in reality treated or considered by the parties as loans, and at the time of the execution of the deed, these sums of money did not constitute a *bona fide* existing debt due from the husband to the wife. Again, there is evidence and circumstances tending to show, or from which it may be legitimately inferred, that the conveyance in controversy was fraudulent, of which fact the wife had knowledge, and accepted the deed for the purpose of protecting the lands in question from the demands of her husband's creditors. Appellants insist that it is shown that a full consideration was paid by Mrs. Hoffman for the land. However, it is settled by the repeated decisions of this court, that where the grantor and grantee unite in a fraudulent design to defraud the creditors of the former, the conveyance under the law will not be protected, although a full consideration was paid by the the grantee. *Bishop* v. *Redmond*, 83 Ind. 157; *Buck* v. *Voreis*, 89 Ind. 116; *Roberts* v. *Farmers'*, etc., *Bank*, 136 Ind. 154; *Gable* v. *Columbus Cigar Co.*, 140 Ind. 563. If the deed is executed by the grantor and accepted by his grantee for the fraudulent purpose of cheating, hindering, or delaying creditors, it may be assailed and set aside by the latter, regardless of the consideration paid. Where the convey-

ance is effected with such mutual design, the most adequate price paid, or to be paid, for the property will not shield or prevent it from being subjected to the demands of the grantor's creditors. *Gable* v. *Columbus Cigar Co., supra.* Considering the positive and circumstantial evidence in the case, and the legitimate inferences arising therefrom, we think it is sufficient to support the finding of the jury.

It is contended that the court erred in permitting the appellee to introduce in evidence two mortgages executed by the appellant, Phillip Hoffman, and wife to Catharine Hoffman, the mother of Phillip. The first is the one that was executed simultaneously with the deed to the wife, and the one with which the remaining forty-four-acre tract was encumbered. The second was executed April 23, 1883, to secure, as it seems, the same debt as that of October 18, 1893, was said to secure. It appears that this former mortgage was never listed by the mother for taxation, and on the 9th day of June, 1885, she went to the recorder's office and entered upon the record where it was recorded a full satisfaction thereof. After the lapse of ten years and over, since this satisfaction was declared by her upon the public records, the appellant, Phillip Hoffman, at his own instance it seems, deemed it incumbent upon himself at the same time when he executed the alleged fraudulent deed to his wife, to encumber the only remaining land he held with a mortgage to his said mother, covering, as it did, the same debt embraced in the one she had released as satisfied. The theory or contention of counsel for appellee, is that the mortgage of October 18, 1893, was also a fraudulent act on the part of Hoffman. Upon this view of the case the mortgage of April 23, 1883, with the release thereof under the circumstances may have tended to shed some light, at least, upon the execution of the one subsequent. This latter alleged fraud-

ulent instrument having been executed at the same time that the deed in dispute was, might serve as evidence tending to prove the fraudulent intent of the grantor in conveying his lands to his wife. Mr. Bump in his work on Fraudulent Conveyances, on page 565 (2d ed.), says: "Evidence of other fraudulent transfers at or about the same time of the transfer in controversy is also competent to prove the fraudulent intent of the debtor. * * * * There is, moreover, a probable connection in a series of sales nearly at the same time, the result of which is to strip a man of his available property." Fraud is said to assume many shapes, disguises, and subterfuges, and is sometimes so secretly perpetrated, that it can only be detected by facts and circumstances that are apparently trivial. Therefore a wide range of evidence is permissible in order that the fraud of the particular transaction may be exposed. This principle arises from necessity, and is adhered to by courts for the protection of society and benefit of morals. See Bump, *supra,* page 561; Thompson Trials, section 2019. There was no error in admitting these mortgages in evidence. The mortgage of October, 1893, was also admissible under the issues as tending to show the insolvency of the debtor.

Appellants complain of several of the charges given by the court to the jury. Tested by the rule that all of the instructions must be considered as an entirety, and not in parts or fragments, we are of the opinion that they are not open to the objections urged. Appellants especially complain of a part of instruction four. In this charge, after stating the ground upon which the proceedings in attachment were based, and after advising the jury as to the burden resting upon the plaintiff to prove her alleged cause for the attachment, the court said: "It is not incumbent upon plaintiff to prove that after such conveyance the said Phillip Hoffman did not have sufficient other property

subject to execution to pay his debts." It is to the part which we have quoted that appellants direct their objections. They insist that the plaintiff in order to sustain her attachment proceedings under the averments in the affidavit must show by the evidence, that after such conveyance the debtor did not have sufficient property left subject to execution to pay his debts. This she was not required to do in order to maintain said proceedings. *Flannagan* v. *Donaldson*, 85 Ind. 517. Under the issue tendered by the complaint as to the alleged fraudulent conveyance which she sought to have set aside, to entitle her to the desired relief, she was required to negative this fact in her pleading, and also by the evidence upon the trial. Proceedings in attachment, however, were unknown to the common law, and are purely of statutory origin. The Civil Code of this State provides that in actions for the recovery of money, that plaintiff at the time of filing his complaint, or at any time afterwards, may have an attachment against the property of the defendant, for any of the enumerated reasons. Burns' R. S. 1894, section 925 (R. S. 1881, section 913). Such proceeding, under our statute, is not an original action, but auxiliary, or incidental, to the main action, and is intended to secure the payment of any judgment that may be recovered therein. While it is true that under this section to maintain an attachment for any of the reasons mentioned in the fourth, fifth, or sixth clauses, the creditor is required to allege in his affidavit and show by the evidence that the attached property is subject to execution. *Blair* v. *Smith*, 114 Ind. 114. There is nothing, however, in the statute that can be said to cast upon him the burden for which the appellants contend.

We find no available error in the record, and the judgment is therefore affirmed.