## BROWN ET AL. v. LANGNER.

[No. 3,091.    Filed November 27, 1900.]

WORK AND LABOR.— *Bill of Extras.* — *Breach of Contract.* — *Complaint.*—A charge in a complaint by a plastering contractor, in an action to recover for extra work and certain expenses incurred in carrying out his contract, that under the contract defendant was to notify plaintiff when to begin work, that he notified him, and plaintiff took a large number of men a distance of sixty miles to commence the work and found the building not ready, and was compelled to return again, at great expense, states a cause of action. *pp. 539-542.*

APPEAL AND ERROR.—*Motions.*—The action of the court in overruling a motion to strike out parts of the complaint is not a ground for a new trial, and such ruling incorporated in a motion for a new trial presents no question for review.  *pp. 542, 543.*

SAME.—*Motions.*—A judgment will not be reversed because of the action of the court in overruling a motion to strike out parts of a complaint.  *p. 543.*

EVIDENCE.—*Contracts.*—In the trial of an action by a subcontractor for extra work, the court erred in permitting a witness to testify as to the work plaintiff was required to do under the contract, where the original contract and plans and specifications were made a part of the contract, and were not ambiguous, indefinite or uncertain *pp. 544, 545.*

CONTRACTS.—*Work and Labor.*— *Bill of Extras.*— *Instructions.*— Where a contract sued upon by a subcontractor for extra work in plastering a school building embraced the original contract and plans and specifications, which provided that any changes or modifications in the contract or specifications could only be made in writing, by the parties to the original contract, an instruction to the effect that plaintiff could not recover for extra work or material, except for crooked walls, unless it was shown that a change, in writing, was made in the plans and specifications requiring extra work or extra material, was improperly refused.  *pp. 545, 546.*

SAME. — *Construction.* — *Instructions.* — In an action by a sub-contractor to recover for extra work and material in the construction of a building, the question as to what plaintiff was required to do under the contract was a matter for the determination of the court, and not for the jury.  *pp. 546, 547.*

From the Daviess Circuit Court.    *Reversed.*

*C. K. Tharp, John Downey, D. J. Hefron* and *Charles Harrington,* for appellants.

*J. W. Ogdon, Ephriam Inman, A. J. Padgett* and *J. A. Padgett,* for appellee.

WILEY, C. J.—Appellants Morse and Morse were partners and building contractors. Appellants Brown and Brown were partners and also building contractors. As such, they entered into a contract with the board of school trustees of the city of Washington, in Daviess county, Indiana, for the erection of a public school building. Appellee and one Thankmar Langner were plastering contractors, under the firm name of Carl Langner & Co., and as such, contracted with appellants to plaster said school building for an agreed sum. The amount fixed by the contract was paid them. Before the beginning of this action, Thankmar Langner assigned all of his interest in the contract to appellee, and the latter brought this action to recover for extra work and certain expenses incurred in carrying out his contract. The amended complaint is in a single paragraph, to which a demurrer for want of facts was overruled. The issues were joined by an answer and reply; trial by jury; verdict and judgment for appellee.

The errors assigned are that the court erred in overruling the demurrer to the complaint; that the court erred in overruling the motion to strike out parts of the complaint; that the court erred in overruling the motion for a new trial, and in permitting appellee to file a remittitur. These several questions will be disposed of in their order.

The complaint and the exhibits thereto are of great length and we will notice the averments of the former only in so far as may be necessary to determine its sufficiency. It is averred that the contract between appellants and the school board was executed by appellants Morse and Morse, for and on behalf of all the appellants; that the contract between appellants and appellee and his partner was signed by Morse and Morse only, for and on behalf of appellants;

that appellee and his partner did not sign such contract, but that they accepted the same and did the work thereunder. The several items for which a recovery is asked are: (1) Certain expenses incurred in going from Evansville to Washington with employes, to begin the work, upon notice from appellants that the building was ready for plastering, when such building was not in fact ready, and appellee had to return with his men; (2) for doing extra work and furnishing extra material not embraced in the contract; (3) for extra work in plastering blackboards; (4) for extra work and materials in plastering vestibule arches; (5) for extra work and materials required to be done and furnished by appellee in plastering and straightening crooked walls; (6) for extra work required of appellee by reason of the fact that appellants failed properly to protect said building from cold, whereby certain of the plastering froze, and appellee was required to take it off and replace it with new plaster; (7) for extra work in taking off and replacing a large quantity of inferior laths furnished by appellants, they being required to furnish good laths under their contract; (8) for extra work in tinting divers ceilings, which was not required by the contract. The contracts between appellants and the school board, and appellants and appellee are in writing and are made exhibits to the complaint. A copy of the specifications for the building is made a part of the contract. It must be conceded that if either of the items above enumerated is a just charge against the appellants, the complaint is good as against a demurrer for want of facts. In view of the averments of the complaint, and the provisions of the contract between appellants and appellee, we are inclined to the view that at least one of said items is recoverable in this action. The complaint avers that appellee resided in Evansville, Indiana. We judicially know the location of the cities of Evansville and Washington, and know that they are about sixty miles apart. The contract between appellant and appellee provides that when the building became

Brown v. Langner.

ready for plastering, appellants were to notify appellee of that fact in writing, and appellee was required to complete his work in four weeks from the receipt of such notice. The complaint avers that appellants did notify appellee in writing that the building was ready for plastering, and that upon receipt of such notice he immediately went from Evansville to Washington for the purpose of commencing said work, and took with him a large number of men who were in his employment, and was ready and prepared to commence said work at once; that when he arrived there, he found that said building was not ready for plastering, and he was compelled to return to Evansville with his men, whereby he incurred a large expense, etc. The failure of appellants to have the building ready for plastering after notifying appellee that it was ready, and he incurred expense in attempting to comply with his contract, is such a breach of the contract as will render appellants liable for resulting damages. A party will not be permitted to take advantage of his own wrong to escape liability for resulting injury. This averment of the complaint shows an actionable breach of the contract, and even if no other breach is properly charged, the complaint would be sufficient as against a demurrer for want of facts. Counsel for appellants indulge in some argument to the effect that appellants were not required by the terms of their contract to give appellee notice in writing when the building would be ready for plastering. The contract required by its express terms that appellee should complete his work "within four weeks from the time of receiving a written notice from the parties of the first part [appellants] that said parties and building are ready for said parties of the second part, ready for said plastering work." The contract further provided that for every day in excess of the four weeks specified in which to complete the work, the appellee should forfeit $50 per day. We must construe this contract to mean that when appellants had the building ready for plastering they were

required to give appellee written notice thereof, and it was his duty to complete the work within the time prescribed. He had a right to rely upon the information given him in writing and to proceed at once to the performance of the duty required of him by the contract.

The next question discussed by counsel is the overruling of the motion to strike out parts of the complaint. This question is not presented by the record for our consideration. The motion and the ruling thereon are not brought into the record by a proper bill of exceptions. The motion to strike out was filed and overruled January 5, 1899, to which ruling the appellants excepted and were given ten days in which to file their "special bill of exceptions on the ruling of the court on said motion to strike out." No such bill of exceptions was filed within the time given by the court. Appellants' motion for a new trial was overruled February 2, 1899, and sixty days time was given in which to prepare and file a bill of exceptions. Within this time, appellants did file their general bill of exceptions. This paper is entitled: "Bill of exceptions and statement of the evidence." In the general bill of exceptions, appellants have embraced the motion to strike out, but the bill fails to show that the court made any ruling thereon, or that any exceptions were reserved. The rule that when time is given in which to file a bill of exceptions it must be filed within the limit of the time given has so often been decided that it stands unchallenged.

The record does not show that appellants filed a special bill of exceptions embracing the motion to strike out, and the ruling thereon, within ten days given in which to file it. The failure so to file it is not cured by attempting to embrace it in the general bill of exceptions, time for which was given, upon the overruling of the motion for a new trial. The time allowed for filing a bill of exceptions upon overruling a motion for a new trial covers only matters relating to the trial, and does not include collateral motions,

such as motions to strike out, to make more specific, etc., made and overruled before the issues are closed and which do not constitute causes for a new trial. *Baltimore, etc., R. Co.* v. *Countryman,* 16 Ind. App. 139; *Hoffman* v. *Henderson,* 145 Ind. 613. In the case last cited, it was held that time given by the court upon overruling a motion for a new trial can not extend back and take up rulings made in the formation of the issues. Referring to §626 Horner 1897, which provides for objecting and excepting to rulings upon questions of law, and for saving such questions by a bill of exceptions, the court, by Jordan, J., said: "By the express terms of this statute, it applies to and includes only such rulings or decisions of the court made during the trial, and which are authorized to be assigned as reasons for a new trial, and which are so assigned in the motion. See, also, Elliott's App. Proc., §813; *Ryman* v. *Crawford,* 86 Ind. 262.

A motion to strike out a part of a pleading has no place in the trial of a cause within the meaning of the statute. It has to do with the issues and not with the trial, and hence, under §559 Horner 1897, it is not a reason assignable for a new trial. In the case before us, appellants assigned as one of the reasons for a new trial that the court erred in overruling their motion to strike out parts of the complaint. As such action of the court was not a ground for a new trial, its incorporation in the motion presents no question for review. But if the question were properly presented, and the court was in error in its ruling, it would not be ground for a reversal, for in this State the courts of final resort do not reverse a judgment for an adverse ruling on a motion to strike out a part of a pleading. *Hoffman* v. *Henderson,* 145 Ind. 613.

This brings us to an examination of the questions embraced in the motion for a new trial. There were a great many reasons assigned for a new trial, but as we have concluded that the record shows reversible error, we will notice

only those upon which we base our decision. These relate to the admission of evidence over appellant's objections, and the giving and refusing to give certain instructions.

We enter upon the discussion of these questions, remembering that the contract under which appellee did the work was in writing, and that by the express provisions of that contract, the plans and specifications and the contract between appellants and the school trustees for the erection of the building, all of which were in writing, are made parts of appellee's contract to do the plastering. It follows, therefore, that he was bound by these, for the specifications, the contract between appellants and the school trustees, and his own contract, must be construed together as one. These contracts and the plans and specifications being in writing, and not being ambiguous, indefinite or uncertain, it became a question of law for the court to construe them. It was not, therefore, the province of a witness or the jury to put a construction upon them.

Appellee while testifying in his own behalf was asked these questions: "State whether or not under the specifications and your contract, you were required to plaster the two vestibule arches? State whether or not the specifications and your contract in this case included and required you to tint the ceilings of the high school building? State whether or not under the specifications and your contract, you were required to plaster the spaces where the blackboards were to go?" Other questions of a like character were asked the witness, and also other witnesses, but they need not be repeated here. All of these questions were answered in the negative, and hence appellee was permitted to construe the contracts and specifications. During the progress of the work, the contracts and specifications provided that as to all matters of dispute as to the correct interpretation and construction of the specifications, the architects were the sole arbiters, but when this case was tried, that period had passed, and the duty of interpretation and con-

struction devolved upon the court.   It was not the province
of a witness to put a construction upon any of the provisions
of the contract or specifications, and hence it was error to
permit appellee to answer the questions above quoted.   This
rule of evidence is so familiar that it hardly admits of dis-
cussion.   The authorities are numerous and of the many we
cite the following: *Reid* v. *Klein,* 138 Ind. 484; *Guaranty,
etc., Assn.* v. *Rutan,* 6. Ind. App. 83; *Indianapolis, etc., Co.*
v. *Herrman,* 7 Ind. App. 462; *Prather* v. *Ross,* 17 Ind. 495;
*Richmond, etc., Co.* v. *Farquar,* 8 Blackf. 89; *Scott* v. *Hart-
ley,* 126 Ind. 239; *Van Camp, etc., Co.* v. *Hartman,* 126
Ind. 177; 27 Am. & Eng. Ency. of Law 840, note 3; *Sigs-
worth* v. *McIntyre,* 18 Ill. 126.

Instruction number two, tendered by appellant and re-
quested to be given to the jury, and which the court refused
to give, is as follows: "If the jury should find from the
evidence that the plaintiff and the defendants made and
entered into the contract which is filed with the complaint
marked exhibit C, and you should further find that the
provisions of such contract marked exhibit A and the speci-
fications marked exhibit B were not modified or changed
by the school trustees and the said T. J. Morse & Son,
then the court instructs you that in order for the plaintiff
to recover anything for extra work or extra material, he
must show by a preponderance of the evidence that a change
in writing was ordered and made by the school trustees, in
the plans and specifications, which required extra work or
extra materials, and if you should find that said school trus-
tees did not order or make in writing any change in such
specifications, requiring extra work or extra materials, there
can be no recovery in this action for any claim for extra
work or extra materials, and as to any claim for such extra
work or extra materials, except on the score of crooked
walls, you should find for the defendants."  This instruc-
tion, as applied to the pleadings and the facts disclosed by

the evidence, was a correct statement of the law and should have been given. The instruction was a clear, succinct and plain statement of the law. The contract sued upon, and as we have seen it embraces the specifications and the contract between appellants and the school trustees, provides that any changes or modifications in the contract or specifications could only be made by the trustees and the original contractors. Appellee's claim was largely based upon extra work done and extra materials furnished outside of, and not provided for by the specifications. The specifications and contract also provided that any changes to be made could only be made upon the order of the trustees in writing. The instruction under consideration goes to the vital provisions of the contract, and the jury are told that unless the contract and specifications are so modified and changed, appellee could not recover for the extra work and materials for which he sued. As no other instruction given by the court covered the subject-matter of instruction number two tendered by appellants, it was reversible error to refuse to give it.

Instruction number two given by the court on its own motion submitted to the jury a question of law with which they had nothing to do. By this instruction, it was left with the jury to find from the evidence what the contract was between appellants and appellee, and also to determine from the evidence whether or not the contract marked exhibit A and the specifications marked exhibit B were a part of that contract. This was misleading and an erroneous statement of the law. The court by this instruction left it with the jury to determine for themselves what the contract was between appellant and appellee, and to put their own construction upon it. There was in fact no controversy as to what the contract was. By the contract marked exhibit C, the specifications marked exhibit B and the contract marked exhibit A were made a part of it, and it was the duty of the court so to instruct the jury. The three exhibits

constituted one contract, and appellee was bound by all their provisions, so far as they related to his particular work.   As to what he was required to do under the provisions of the contract was not a question for the consideration of the jury, but for the court.   Instructions four, five, and six given by the court on its own motion, also cast upon the jury the duty of construing certain provisions of the specifications as to whether or not such specifications required or did not require appellee to do certain extra work for which he here seeks to recover.   As it was the duty of the court to construe the contract, the giving of these instructions was error. The authorities above cited under the discussion of the admission of improper evidence are applicable here, and to which reference is made.

Other questions are discussed by counsel, but as they are not likely to arise in a subsequent trial of the cause, and as the judgment must be reversed for the reasons given, it is unnecessary for us to consider them.

Judgment reversed, and the court below is directed to grant appellants a new trial.