GRACE E. LOWENDAHL, Plaintiff, *v.* PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Defendant.

Supreme Court, Special Term, New York County, November 17, 1937.

*Neil P. Cullom* [*James E. Freehill* of counsel], for the plaintiff.

*Appleton, Rice & Perrin* [*Gerhard R. Gerhard* of counsel], for the defendant.

McLAUGHLIN (CHARLES B.), J. The plaintiff herein, an unpaid creditor of an Argentine decedent, seeks on behalf of the creditors of this insolvent estate to compel the defendant, a fully-paid creditor, to refund a part of the $185,830.94 which it received in Argentina in payment of its claims.

There is pending in the Surrogate's Court, New York county, a proceeding instituted by the New York administrator wherein similar relief is petitioned. He also commenced an action in this court, which has been stayed pending the determination of the surrogate's proceedings.

The defendant now moves to dismiss the complaint on the grounds: (1) No cause of action is stated; (2) plaintiff has no capacity to sue; (3) another proceeding is pending between the same parties for the same cause.

Assuming the truth of the allegations of the complaint, this court believes that a cause of action has been stated; that plaintiff has the capacity to sue, and that there is no other cause of action pending between the same parties for the same relief. The gravamen of this cause of action is that the defendant, through collusion and improper inducement, persuaded a foreign administrator to pay to this defendant the full amount of its claim to the exclusion of any payment to the other creditors of the decedent. The Court of Appeals has aptly expressed its opinion of such a situation. " The creditor who has received the excess has no right to retain it in equity and good conscience." (*Woodruff* v. *Claflin Co.*, 198 N. Y. 470, 474.)

Surely the Supreme Court cannot be so feeble as to be without power to remedy such a wrong to the other creditors. Equity and good conscience will say that the title taken by the legal representative in Argentina was taken in trust. The creditors were the *cestuis que trustent.* (*Blood* v. *Kane*, 130 N. Y. 514; *Bankers Surety Co.* v. *Meyer*, 205 id. 219, 223, 224.) This action is in their behalf, and properly lies in equity. The defendant, according to the allegations of the complaint, is a wrongdoer (*Mitchell* v. *Kirk*, 35 Tenn. 319), and there is no merit to the contention that plaintiff has not the legal capacity to sue. A *cestui que trust* always has the right to sue a trustee *ex maleficio*, or one who conspires with him, as is the case here. In the hands of the foreign fiduciary the funds in suit were trust funds as respects

the rights of creditors. That character or impress does not change with a wrongful change of possession. The transferee may not hold such funds in equity as against the rights of creditors. (3 Bogert on Trusts, § 475.) As to the creditors, the transferee is a trustee. (Id.; *Ries* v. *Rowland*, 11 Fed. 657; *Lafkowitz* v. *Jackson*, 13 F. [2d] 370; *Buck* v. *Voreis*, 89 Ind. 116.)

The third objection that there is another action pending is also without merit. (*Dresdner* v. *Goldman Sachs Trading Corp.*, 240 App. Div. 242.) Of course it is, therefore, apparent why the defendant would like to have this objection upheld. The mere fact that the plaintiff appeared in the Surrogate's Court is not a bar. She did not bring that proceeding. The New York administrator did. What will be determined in the first instance there is his right to do so. An adverse ruling as to the New York administrator will dismiss that proceeding, and the plaintiff may then be barred by the Statute of Limitations, although she may have a meritorious case. The law will not tolerate such a situation which will bring about an injustice through no fault of the plaintiff.

Motion is in all respects denied.